THE PEOPLE'S LAW FIRM, PLC
Stephen D. Benedetto (Ariz. Bar No. 022349)
Heather Hamel (Ariz. Bar No. 031734)
645 North 4th Avenue, Suite A
Phoenix, Arizona 85003
Telephone: (602) 456-1901
Facsimile: (602) 801-2834
benedetto@the-plf.com
hamel@the-plf.com

*Firm email for docketing purposes:*
admin@the-plf.com

*Attorneys for Plaintiff Reynalda Lopez Osuna*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Reynalda Lopez-Osuna as the Personal Representative for the Estate of Decedent Hector Lopez;[1] and as the wrongful death plaintiff under Arizona law;<br><br>Plaintiff,<br><br>v.<br><br>City of Phoenix, an Arizona municipal corporation; Chad Canedy, in his individual capacity; Nick Calandra, in his individual capacity;<br><br>Defendants. | Case No.<br><br>**COMPLAINT**<br><br>**(Jury Trial Demanded)** |

For her Complaint against Defendants City of Phoenix, Chad Canedy, and Nick Calandra, Plaintiff Reynalda Lopez-Osuna, through undersigned counsel, hereby alleges as follows:

## OVERVIEW

1.    In the early morning hours of May 9, 2019, Phoenix police officers Chad

---

[1] Plaintiff Reynalda Lopez Osuna is currently awaiting formal appointment as the Personal Representative Hector Lopez's estate.

Canedy and Nick Calandra fired multiple shots at Hector Lopez, who was subdued and on the ground at the time. Hector Lopez passed away shortly after.

2.      This is a section 1983 wrongful death action brought on behalf of Hector, who is the son of Plaintiff Reynalda Lopez-Osuna.

**PARTIES**

3.      Plaintiff Reynalda Lopez-Osuna is a married woman residing in Maricopa County, Arizona.  She is the surviving mother of the late Hector Lopez, the Personal Representative of his Estate, and brings claims on his behalf.

4.      Defendant Chad Canedy is a police officer with the City of Phoenix Police Department.  Upon information and belief, he resides in Maricopa County, Arizona.  At all times relevant to the complaint, Defendant Chad Canedy was acting under the color of law, in furtherance of the interests of the City of Phoenix, and within the course and scope of his employment.

5.      Defendant Nick Calandra is a police officer with the City of Phoenix Police Department.  Upon information and belief, he resides in Maricopa County, Arizona.  At all times relevant to the complaint, Defendant Nick Calandra was acting under the color of law, in furtherance of the interests of the City of Phoenix, and within the course and scope of his employment.

6.      Defendant City of Phoenix (the "City") is a municipal corporation created under the laws of the State of Arizona.  The City is under a duty to run its law enforcement activities in a lawful manner to preserve the peace and to preserve for its citizens the rights, privileges, and immunities guaranteed and secured to them by the Constitutions and laws of the United States and the State of Arizona.

7.      The City has established or delegated to its law enforcement agency the responsibility for establishing and implementing policies, practices, procedures and/or customs used by law enforcement officers employed by the City regarding the investigation,

detention, arrest, and public relations during law enforcement operations.

8.      Every act and omission of the employees, representatives, and agents of the Defendants detailed in this Complaint was performed under the color and pretense of the Constitutions, statutes, ordinances, regulations, customs, and uses of the United States of America, the State of Arizona, and the City of Phoenix, by their authority as sworn officers, and within the course and scope of their employment.

9.      Upon information and belief, there are currently unknown City of Phoenix employees who caused or contributed to Plaintiff's injuries.  The identity and roles of these individuals are uniquely within the possession of the City of Phoenix and Plaintiff will amend this complaint to add such responsible individuals upon discovery of their identities.

## JURISDICTION, AND VENUE

10.     Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343(a)(3)(4) and 1367(a). This Court has jurisdiction over Plaintiff's claims for violation of his civil rights under 42 U.S.C. § 1983 and pendent jurisdiction over his state law claims pursuant to 28 U.S.C. § 1367(a).

11.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 in that the acts and omissions that give rise to this action occurred within this District within one year of the filing of the original Complaint, and this Court otherwise has jurisdiction.

12.     This case presents an actual case in controversy arising under the Fourth, and Fourteenth Amendments to the United States Constitution, and under the provisions of 42 U.S.C. §§ 1983 and 1988.

## GENERAL ALLEGATIONS

13.     At approximately 3:00 a.m. on the morning of May 9, 2019, the Phoenix Police Department's Communications Bureau received a trespassing call.  Two individuals were parked in a complex, in a gray, Lincoln town car—Hector Lopez and his sister, Mariela.

14.     Officers Canedy and Calandra responded to the call and arrived at the scene about a half hour later.  One of the officers ordered Hector and his sister out of the vehicle. But the two were sleeping inside and did not respond to the officer's orders.

15.     The officers then split up.  Officer Calandra approached the driver's side door, where Hector Lopez lay sleeping; and Officer Canedy approached the passenger's side door, where Mariela was seated.

16.     Officer Calandra knocked on the window of the town car and Hector woke up, confused, with the bright light of a police flashlight shining in his face.

17.     Officer Calandra ordered Hector to step outside, and when Hector opened his driver's side door, a hand gun allegedly fell out.

18.     Officer Calandra kicked the gun out of arms reach of Hector, pulled him out of the vehicle, and threw him on the ground.  Then he hopped on top of him, holding his hands to the ground.

19.     When Officer Canedy saw Officer Calandra on top of Hector, he ran to the driver's side and piled on top of Hector too, placing his knee in the middle of his back, pinning him to the floor.  Officer Calandra then deployed his police-issued Taser, hitting Hector square in the back with 50,000 volts of electricity.

20.     Then, with his body pinned to the ground, both officers unloaded multiple shots from their Department-issued Glock Nines into the body of Hector Lopez.

21.     Hector passed away shortly after.

### FIRST CLAIM FOR RELIEF
**42 U.S.C. § 1983—Excessive Force in Violation of the Fourth Amendment**
***(Against Defendants Canedy and Calandra Only)***

22.     Plaintiff incorporates by reference all allegations asserted in the paragraphs above as though they were fully set forth herein.

23.     42 U.S.C. § 1983 provides, in relevant part, as follows:

- 4 -

> Every person, who under the color of any statute, ordinance, regulation, custom or usage of any state or territory of the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress. . .

24.     Hector Lopez was a citizen of the United States, and Defendants Chad Canedy and Nick Calandra are "person[s]" for the purposes of 42 U.S.C. § 1983.

25.     Defendants Chad Canedy and Nick Calandra were, at all times relevant hereto, acting under the color of law, in their capacities as City of Phoenix police officers.

26.     At the time of the above-mentioned, complained-of events, the Fourth Amendment to the United States Constitution clearly established Hector Lopez's right to be secure in his person from unreasonable seizure through excessive force.

27.     Defendant Canedy violated these rights when he shot Hector Lopez while he was pinned to the ground, causing fatal injuries.

28.     Defendant Calandra violated these rights when he shot Hector Lopez while he was pinned to the ground, causing fatal injuries.

29.     Defendants Canedy and Calandra engaged in the above-described conduct willfully, maliciously, in bad faith, and in reckless disregard of Hector Lopez's federally protected constitutional rights.

30.     The acts and omissions of Defendants Canedy and Calandra as described herein intentionally deprived Hector Lopez of his constitutional and statutory rights, caused his death, as well as enormous pre-death pain and suffering as he lay dying from a gunshot.

31.     Defendants Canedy and Calandra are not entitled to qualified immunity for the complained-of unconstitutional and illegal conduct.

32.     As a proximate result of Defendants Canedy's and Calandra's unlawful conduct, Hector suffered significant pain and suffering before his death, and Plaintiff

Reynalda Lopez-Osuna suffered actual injuries, by and through the loss of her son, and other damages entitling her to damages in amounts to be determined at trial.

33.     Plaintiff is further entitled to attorneys' fees and costs under 42 U.S.C. § 1988, pre-judgment interest and costs allowable by federal law.

34.     In addition to compensatory, economic, consequential, and special damages, Plaintiff is entitled to punitive damages against Defendants Canedy and Calandra under 42 U.S.C. § 1983, in that the actions of Defendants Canedy and Calandra were taken maliciously, willfully, or with reckless or wanton disregard of Hector Lopez's constitutional rights.

### SECOND CLAIM FOR RELIEF
### 42 U.S.C. § 1983 - Municipal Liability under *Monell*
### *(Against the City of Phoenix Only)*

35.     Plaintiff hereby incorporates all allegations contained in the foregoing paragraphs as if they were full set forth herein.

36.     Phoenix PD has a well-documented history of the overuse and abuse of lethal force.

37.     In 2019, Hector Lopez was one of fifteen people shot by the Phoenix Police Department.[2]

38.     In 2018, Phoenix Police officers initiated a record 44 shootings of civilians, which dwarfed the number of officer-involved shootings in cities of similar population size and even surpassed the number of officer-involved shootings in major cities such as New York and Los Angeles.[3]

---

[2] Garcia, Uriel, *After Record High in 2019, Phoenix Police Shootings Fall Dramatically in 2019 Under Public Scrutiny*, AZ Central, Jan. 30, 2020, available at: https://www.azcentral.com/in-depth/news/local/arizona-investigations/2019/12/30/phoenix-police-shootings-officers-use-of-force-decline-2019-henry-rivera/2612466001/.

[3] Oppel Jr., Richard, *How Phoenix Explains a Rise in Police Violence: It's the Civilians' Fault*, N.Y. Times, Dec. 10, 2018, available at: https://www.nytimes.com/2018/12/10/us/phoenix-police-shootings.html; *see also* Burkitt, Bree and Garcia, Uriel, *Phoenix Police Shot At More People Than NYPD Did in 2018. Will That Change?*, AZ Central, updated on Jan. 30, 2020, available at:

39.     Municipal bodies are liable for constitutional violations under 42 U.S.C. § 1983 when execution of its official policy or custom deprives an individual of its rights protected by the Constitution.

40.     Such municipal liability exists when a city fails to properly train, supervise, or discipline its employees, amounting to a deliberate indifference to a plaintiff's constitutional rights.

41.     At all times relevant hereto, Defendant City of Phoenix had a constitutional duty to properly train, supervise, and discipline their employees and agents.

42.     Defendant City of Phoenix breached that duty by, among other things:

(a). failing to adequately train Officers Canedy and Calandra regarding appropriate use of force;

(b). failing to adequately supervise Officers Canedy and Calandra; and

(c) ratifying Officers Canedy and Calandra's use of excessive force by failing to discipline them for their excessive force.

43.     Defendant City of Phoenix also breached its duty to Hector Lopez by fostering and/or creating a culture and department-wide practice of condoning the inappropriate use of force, including lethal force, either explicitly or implicitly.

44.     Defendant City of Phoenix tacitly or overtly sanctioned this policy, pattern, practice, or custom of misconduct, which amounts to a deliberate indifference to Hector Lopez's constitutional rights.

45.     This unconstitutional behavior was carried out pursuant to a policy, pattern or practice, or custom, whether formal or informal, which violates the constitutional rights of Hector Lopez and others in his situation.

46.     The condoning of the misconduct, and failure to end these policies, patterns,

_____

https://www.azcentral.com/in-depth/news/local/arizona-investigations/2019/06/20/phoenix-police-shootings-outpace-other-major-us-cities/3651151002/.

practices, or customs, was a direct and proximate cause of Hector Lopez's death, pre-death pain and suffering, and the injuries and damages to Plaintiff.

**THIRD CLAIM FOR RELIEF**
**Wrongful Death under A.R.S. § 12-612 et seq.**
*(Against the City of Phoenix Only)*

47.     Plaintiff hereby incorporates all allegations contained in the foregoing paragraphs as if they were full set forth herein.

48.     All employees of Defendant City of Phoenix, including Defendants Canedy and Calandra, owed Hector Lopez a duty of reasonable care, namely, the duty to act as reasonable employees of a police department reasonably, under the circumstances, without evincing a reckless disregard for Mr. Lopez's rights, life, and safety.

49.     The employees of Defendant City of Phoenix, including Defendants Canedy and Calandra, breached their respective duties of reasonable care to Hector Lopez when their gross negligence caused his death.

50.     Reasonable employees of a city or municipality in the respective positions of Defendants Canedy and Calandra and his fellow officers would not have acted in the manner these individuals did.

51.     As a direct and proximate result of the employees acts and omissions, Plaintiff and Hector's statutory beneficiaries were injured by and through the loss of her son and suffered damages in an amount to be proven at trial.

52.     As set forth herein, Defendants Canedy and Calandra were acting within the course and scope of their respective employment as police officers for the City of Phoenix: they were City of Phoenix employees, performing acts they were authorized to perform; they were on-duty, working in their regular job capacities; and their actions were motivated, at least in part, by a purpose to serve the City of Phoenix.

53.     Because Defendants Canedy and Calandra were acting within the course and scope of their respective employment for the City of Phoenix, Defendant City of Phoenix

is vicariously liable for the damages caused by this employees' tortious conduct.

54.   In addition to its vicarious liability, the City of Phoenix is also directly liable for gross negligence insofar as Hector Lopez's death was the product of the City's hiring, training, and supervising practices evinced a reckless disregard for the rights and safety of individuals in Hector's position.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Reynalda Lopez-Osuna hereby requests that the Court enter judgment against Defendants and issue an award in Plaintiffs' favor as follows:

    a.  For damages incurred by Hector's survivors and statutory beneficiaries in this matter, in amounts to be proven at trial;

    b.  For the damages incurred by Hector's estate, including medical expenses, funeral costs and other special damages, in addition to the pain, suffering, and anguish Alejandro suffered prior to his death;

    c.  For damages in an amount to compensate Plaintiff fairly and fully for the numerous violations Hector Lopez's constitutional rights;

    d.  For punitive damages under 42 U.S.C. § 1983 and as provided for by Arizona law;

    e.  For nominal damages as provided for by law;

    f.  For prejudgment interest on all liquidated sums;

    g.  For attorneys' fees under 42 U.S.C. §§ 1983 and 1988, and as provided for by Arizona law;

    h.  For Plaintiff's costs and other expenses incurred in this action; and

    i.  Such other and further relief as the Court deems just.

/ / /

DATED this 11th day of May, 2020.

THE PEOPLE'S LAW FIRM, PLC
645 North 4th Avenue, Suite A
Phoenix, Arizona  85003

By: _____
Stephen D. Benedetto
Heather Hamel

*Attorneys for Plaintiff Reynalda Lopez Osuna*